# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JACQUELINE ELIZABETH GILES, § § **PLAINTIFF,** § § VS. § § HAMILTON HOME BUILDERS, LLC, § REGIONAL HOME CENTERS, LLC, § D/B/A REGIONAL HOME CENTER OF § MOBILE, and 21ST MORTGAGE § CORPORATION, § § **DEFENDANTS.** § | CASE NO. _____ |

## NOTICE OF REMOVAL

COMES NOW Defendant Regional Enterprises, LLC, D/B/A Regional Enterprises of AL, LLC, D/B/A Regional Home Center of Mobile ("Defendant"), by and through counsel, and pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1441(b) hereby removes the above-styled action from the Circuit Court of Mobile County, Alabama, Case No. CV-2023-901510 (the "State Court Action"), to the United States District Court for the Southern District of Alabama. As grounds therefore, Defendant states as follows:

1. **PROCEDURAL HISTORY**

Plaintiff, Jacqueline Elizabeth Giles, commenced the State Court Action on July 25, 2023, by filing a Complaint against multiple Defendants. A copy of the Complaint and all other pleadings in the State Court Action are included in composite Exhibit "A," a copy of which is attached hereto and incorporated herein.

Defendants have not yet answered the Complaint and reserve all rights to assert any and all responses to the Complaint.

## 2. BASIS FOR REMOVAL

(a) <u>Diversity</u>

Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." This Court enjoys original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 and the matter is between citizens of different states. *See* 28 U.S.C. § 1332(a); *Triggs v. John Crump Toyota, Inc.*, 154 F. 3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.")

Defendant Regional Enterprises, LLC is a Mississippi limited liability company with its principal place of business being located at 6451 Wirtz Road, Flowood, Mississippi 39232. All of the members of Defendant Regional Enterprises, LLC are domiciled/reside in the State of Mississippi. Defendant Regional Enterprises, LLC is the sole member of Regional Enterprises of AL, LLC, which is a Mississippi limited liability company with its principal place of business at 6451 Wirtz Road, Flowood, Mississippi 39047. Defendant Regional Enterprises of AL, LLC is qualified to so business in the State of Alabama as a foreign limited liability company. Regional Home Center of Mobile is a trade name of Regional Enterprises of AL, LLC. All business decisions related to Regional Enterprises, LLC and/or Regional Enterprises of AL, LLC are made at the primary place of business and nerve center of both entities in Flowood, Mississippi. See the Affidavit of Neil Godfrey, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "B".

Defendant Hamilton Home Builders, LLC ("Defendant Hamilton") is an Alabama limited liability company. However, the majority member of Defendant Hamilton is Regional Holdings Corp., a business corporation organized and operating under the law of the State of Mississippi. The minority member of Defendant Hamilton Home Builders, LLC is Heath Jenkins, an individual residing in Flowood, Mississippi. The principal place of business and nerve center of operations of Regional Holdings Corp. is 6451 Wirtz Road, Flowood, Mississippi, 39232. See Affidavit of Neil Godfrey, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "C". The claims in this action are made and asserted against all Defendants.

Upon information and belief, Defendant 21st Mortgage Corporation is a Delaware business corporation with its principal place of business located at 629 Market St., Knoxville, Tennessee 37902.

For purposes of determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004). A corporation is considered a citizen of every state in which it has been incorporated and where it has a principal place of business. 28 U.S.C. § 1332(c)(1); *Flintlock Construction Services v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013).

Plaintiff Jacqueline Elizabeth Giles is an individual adult citizen of the state of Alabama.

Diversity of citizenship for purposes of this Court's jurisdiction pursuant to 28 U.S.C. § 1332 is satisfied, as the Defendants and Plaintiff are citizens of different states.

    (b)    <u>Amount in Controversy</u>

Plaintiff Giles in the Complaint asserts multiples causes of action, but specifically states that "she has effectively revoked acceptance, is entitled to a full refund, is not obligated under the loan and the loan is secured by the home only and not the real property" (Complaint Preliminary Statement, Page Two, last unnumbered paragraph). Plaintiff Giles further goes on to state in numbered paragraph 8 of the Complaint that "The Manufactured Home was purchased with a loan from [Defendant] 21st Mortgage Corporation in the amount of $155,460 and a cash down payment of $5,000" (Complaint Page Three, Para. 8). Therefore, pursuant to 28 U.S.C. § 1446 (c)(2)(A)(1), the damages sought by Plaintiff Giles against the Defendants are in excess of $75,000.00. Accordingly, by expressly seeking damages for the value of the unit in question, Plaintiff Giles has made this case removable pursuant to 28 U.S.C. § 1332(a).

In the Eleventh Circuit, the amount in controversy can be stablished by a "pleading, motion, order or other paper." 28 U.S.C. 1446(b); *Lowery v. Ala. Power Co.,* 483 F.3d 1184, n. 62 (11th Cir. 2007). "[Where a plaintiff has made] an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010). "[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

Further, Plaintiff Giles in each unnumbered "Wherefore" paragraph under Counts One through Six (1-6) of the Complaint, requests damages for, among other items, "mental anguish

and emotional distress." Mental anguish damages may be considered in a determination of amount in controversy. *Butler v. Charter Communications, Inc.,* 755 F. Supp. 2d 1192, 1196 (M.D. Ala. 2010. It is well established that damages for mental anguish or emotional distress are available under Alabama law in relation to purported warranty claims for a manufactured home. In fact, considerable sums in such damages far exceeding the value of Plaintiff's manufactured home as set forth in Defendant Regional's Notice of Removal have been awarded to other plaintiffs under the substantive law of Alabama and subsequently affirmed on appeal. *See, e.g.*, *Southern Energy Homes v. Washington,* 774 So.2d 505, 519 (Ala. 2000); *Horton Homes, Inc. v. Brooks,* 832 So. 2d 44, 46 (Ala. 2001). Additionally, punitive damages are considered in a determination of amount in controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F. 2d 1531, 1535 (11th Cir. 1987).

While Defendant Regional ardently denies Plaintiff is entitled to any damages, at this point in litigation the only evidence before the Court—the exhibits and affidavits offered by Defendant Regional—constitutes a preponderance in favor of potential damages exceeding $75,000.00. Short of a stipulation by Plaintiff she is not entitled to more than $75,000.00 in damages, there is simply no evidence before the Court that the amount-in-controversy would not be satisfied should Plaintiff prevail on any of her claims.

### 3. TIMELINESS

Plaintiff Giles filed the Complaint on July 25, 2023; thus, Defendant Regional has timely filed this notice of removal within thirty (30) days after service of the pleading that made this case removable pursuant to 28 U.S.C. § 1446(b)(3).

**4. CONSENT TO REMOVAL**

Defendants Hamilton Home Builders, LLC and 21st Mortgage Corporation have consented to removal of this matter. True and correct copies of the consents of said parties are attached hereto and incorporated herein as Exhibits "D" and "E" respectively.

**5. NOTICE IS BEING GIVEN CONTEMPORANEOUSLY**

As required by 28 U.S.C. § 1446(d), Defendant is providing written notice to Plaintiff Giles's counsel of this Notice of Removal contemporaneously with its filing. Additionally, Defendant is also filing a Notice of Filing of Notice of Removal in the State Court Action, a copy of which is attached hereto and incorporated herein as Exhibit "F," along with a copy of this Notice of Removal.

WHEREFORE, the above premises considered, Defendant Regional Enterprises, LLC removes this action from the Circuit Court of Mobile County, Alabama to this Honorable Court.

Respectfully submitted this the 23rd day of August, 2023.

/s/ *Justin B. Little*
Justin B. Little, LITTJ1256
Attorney for Regional Enterprises, LLC

/s/ *William E. McCartney*
William E. McCartney, MCARW9875
Attorney for Regional Enterprises, LLC

OF COUNSEL:
REYNOLDS, REYNOLDS & LITTLE, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403-2863
Telephone: 205-391-0073
Facsimile:  205-391-0911
Email: jlittle@rrllaw.com; wmccartney@rrllaw.com
Our File No. 1551.0013

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following either electronically or by first class United States mail, properly addressed with postage prepaid on this date, August 23, 2023:

Kenneth J. Riemer, Esq.
2153 Airport Boulevard
Mobile, Alabama 36606
kjr@riemer-law.com

Hamilton Home Builders, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

21st Mortgage Corporation
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

  /s/ Justin B. Little
Of Counsel for Regional Enterprises, LLC